**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

THADDEUS PORTER,       *

            *

        Petitioner,      *

            *

v.                       *       CASE NO. 4:11-CV-100 (CDL)

            *           28 U.S.C. § 2254

BRUCE CHATMAN, Warden      *

            *

        Respondent.      *

## REPORT AND RECOMMENDATION

       Before the court is Respondent's Motion to Dismiss Petition as Unexhausted. (ECF NO. 14).  Petitioner was notified of his right to respond to the Motion, and did so on January 23, 2012.  (ECF No. 20.)  The procedural history of this case reveals that Petitioner, who is currently incarcerated in the Georgia State Prison in Reidsville, Georgia, was found guilty of malice murder, felony murder, armed robbery and possession of a firearm during the commission of a crime, in the Muscogee County Superior Court on August 29, 2003.  (Resp't's Ex. 1, ECF No. 15.)  He received consecutive life sentences for the malice murder and armed robbery and a consecutive five years in prison for the possession of a firearm charge. (*Id.* at 61-63.)  The felony murder charge merged with the malice murder charge.  (*Id.*)

       Petitioner then filed an out of time Motion for New Trial which was scheduled for hearings on December 21, 2006, and June 27, 2007.  (*Id.*)  The Motion for New Trial has not been ruled on to date.  Respondent contends that Petitioner has failed to file a state habeas action regarding his conviction.  Respondent, therefore, has moved the court to

dismiss Petitioner's application for federal habeas relief as Petitioner has failed to exhaust his available state remedies.

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petitioner, until they have been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose v. Lundy*, 455 U.S. 509, 519 (1982); *Picard v. Conner*, 404 U.S. 270, 275 (1971).  Title 28 of the United States Code, Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> > (A) the applicant has exhausted the remedies available in the  courts of the State; or
> > (B) (i) there is an absence of available State corrective  process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

As stated previously, Petitioner filed a response to Respondent's Motion to Dismiss Petition for Lack of Exhaustion.  In his Response to the Motion to Dismiss, Petitioner asks that the court not dismiss his petition as he has been patiently awaiting a ruling on the Motion for New Trial.  (Pet'r's Resp. 4, ECF No. 20-1.)  However, this court is generally not authorized to entertain a petition for federal habeas corpus relief where the Petitioner has not exhausted his available state remedies, unless the Respondent waives the exhaustion requirement.  That has not been done in this case.

Petitioner's Application, therefore, should be dismissed without prejudice, allowing Petitioner to exhaust his state remedies.  Petitioner may file another application at the conclusion of his state court proceedings.

**Certificate of Appealability**

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

WHEREFORE, it is hereby **RECOMMENDED** that Petitioner's instant action be **Dismissed Without Prejudice** so that he may proceed to exhaust his state remedies.  Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

3

SO RECOMMENDED this 10th day of February, 2012.


S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE